ON REHEARING
THOMPSON, Judge.
Empire Outdoor Advertising, Inc. (Empire) contends on rehearing that our opinion *854 conflicts with the holding and rationale of Walker v. State, Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979) and other cases that followed. Walker and its progeny are factually different from this case and involved a question of law different from that involved herein. In Walker and the cases following it, the signs had been permitted at one time and the sign owners were seeking to renew delinquent permits. The signs in the instant case had never been permitted and had been in violation of Chapter 479, Florida Statutes for more than six years. In order to avoid any apparent conflict with Walker we recede from the use of the word “illegal,” in Empire. However, the fact remains that Empire’s signs were unlawful under Chapter 479 and were non-conforming as of January 1, 1975, the date that permitting was required. A further distinction in this case is that by the time Empire filed permit applications other signs had been permitted and erected at locations that rendered it impossible for Empire’s signs to meet the spacing requirement. In Walker and its progeny there was nothing to prevent the Department of Transportation from renewing the permits.
Empire has maintained its non-conforming signs for more than five years without payment of any fees and thus has been adequately compensated. These signs may be removed pursuant to § 479.23, Fla.Stat.
Rehearing denied.
ERVIN, C.J., and WIGGINTON, J., concur.